RADEMAKER v. PFEIFFER.

1. COMPROMISE AND SETTLEMENT—DECREE SHOULD CONFORM TO AGREEMENT THEREFOR.

Where parties and their counsel, in open court, agreed on settlement basis for decree, recognition of counsel that minor details were to be left for future adjustment does not permit departure, in decree, in principle from agreement itself.

2. SAME—REQUIREMENT IN DECREE BEYOND AGREEMENT.

Provision in decree requiring plaintiff to give semi-annual reports to defendant in addition to plaintiff's undertaking in settlement agreement which was to form basis for decree, held, beyond agreement.

3. SAME—DECREE SHOULD FOLLOW SETTLEMENT AGREEMENT.

Where agreement between parties and their counsel was made in open court as basis for decree, decree should follow said settlement agreement rather than previous agreement between parties, which was attacked by plaintiff.

Appeal from Manistee; Cutler (Hal L.), J. Submitted October 23, 1931. (Docket No. 198, Calendar No. 36,070.) Decided January 4, 1932. Rehearing denied June 6, 1932.

Bill by John H. Rademaker against Ewald J. Pfeiffer and another, as special administrators of the estate of Charles F. Ruggles, deceased, and others for an accounting. From decree varying terms of agreement made in open court, plaintiff appeals. Modified, affirmed, and remanded.

*Howard L. Campbell* and *Travis, Merrick, Johnson & McCobb,* for plaintiff.

*Norris, McPherson, Harrington & Waer,* for defendants.

CLARK, C. J. Plaintiff filed this bill chiefly for accounting against Charles F. Ruggles, with whom he had been associated in business at Manistee and elsewhere for many years. Mr. Ruggles died and his administrators were admitted to defend.

A large salt plant at Manistee, known as Ruggles and Rademaker Salt Plant, was perhaps owned by Mr. Ruggles, although there was dispute of that. Into this salt business plaintiff had put more than $300,000, either as a partner, or as an investor, or as a creditor.

Mr. Ruggles owned a timber tract of approximately 50,000 acres in California, called Calaveras Tract. Others were interested with him as investors to whom were given certificates of investment for the respective amounts invested and which provided of return, interest, and profit thereon.

He also owned another large tract of timber in California, known as Amador Tract, in which others were interested on like certificates of investment. Plaintiff was and is a holder in large amount of such certificates of investment in both tracts, the amount varying from time to time in keeping with business dealings between him and Mr. Ruggles.

In 1928, Mr. Ruggles organized all three of these enterprises into three corporations, being defendants Ruggles & Rademaker Company, Calaveras Timber Company, and Amador Timber Company. Mr. Ruggles had another timber holding in South Carolina, in which others were investors, holding like certificates of investment. Some difficulty was encountered in this venture and in consideration of plaintiff's agreement to repay all such investors, Mr. Ruggles turned the property over to him.

Some lands in Minnesota also come into the case, but no facts need be detailed. After this cause had been on trial for three days, the parties and their respective counsel, in open court, agreed upon a settlement as the basis for a decree, and the trial judge dictated the same into the record:

"1. It is agreed by John H. Rademaker that he will pay off the investors having rights in the Carolina property, as evidenced by investors' certificates, issued to them, in accordance with the terms and conditions of their investors' certificates, held by them, and in accordance with the terms of his agreement with Charles F. Ruggles, under date of December 31, 1918.

"2. That said John H. Rademaker is to retain his interest in the Ruggles & Rademaker copartnership, not as a copartner, but as an individual, which said interest is to be evidenced by investors' certificates, in form, as used by Charles F. Ruggles, in handling timber investments, namely, Amador and Calaveras counties, California; the amount of said certificate to be in the sum of not less than $320,911.93, subject to be adjusted according to fact.

"3. That said John H. Rademaker, to retain his investment in the Amador timber tract, as evidenced by his present certificates of investment, held by him.

"4. That said John H. Rademaker to retain his investment in the Calaveras timber tract, as evidenced by investors' certificates which he now holds.

"5. Whereas, John H. Rademaker and Charles F. Ruggles, have by indorsement and otherwise, become obligated to third parties in connection with their copartnership relations and timber business and otherwise, in a large sum of money, which said obligations are in fact the obligations of the business, and,

"Whereas, by this agreement, said John H. Rademaker is retiring from the firm and will hereafter have nothing whatsoever to do with the conduct of the business,

"Therefore, it is agreed, that the aforesaid obligations of indebtedness shall be treated and considered as between the parties, John H. Rademaker and Charles F. Ruggles, to be the primary obligation of Charles F. Ruggles, and the obligation so far as third parties are concerned shall not be changed except by renewal and so far as the parties hereto are concerned are to be the obligation of surety only for Charles F. Ruggles, it being the intention of the parties that as between Ruggles and Rademaker, said obligations are to be the obligations of Charles F. Ruggles; and that John H. Rademaker shall renew said obligations as may be required not exceeding present amount until paid.

"6. That John H. Rademaker, upon refunding of his actual investment in the cut-over lands in Minnesota and elsewhere, is to quitclaim his interest therein to Charles F. Ruggles.

"7. That John H. Rademaker will immediately quitclaim his interests to Charles F. Ruggles in all tax lands acquired by him, through purchase with money furnished by Charles F. Ruggles.

"8. It is further agreed that upon the consummation of this settlement, that said John H. Rademaker will immediately relinquish any and all interests, of

whatsoever name or nature which he may now have, as copartner or otherwise, in the business of Charles F. Ruggles, by proper instrument of relinquishment, and that he will join, if necessary, in the filing of a certificate of dissolution of the copartnership of Ruggles & Rademaker, now existing, by virtue of a certificate of copartnership, now on file in the office of the county clerk of the county of Manistee, Manistee, Michigan.

"9. It is further agreed that John H. Rademaker shall quitclaim whatever interest he may have in Minnesota lands, designated as group 5, not contemplated by the Minnesota lands mentioned in paragraph 6 of this agreement.

"10. That John H. Rademaker will deed, by quitclaim deed, to Charles F. Ruggles, an undivided one-half interest in lands designated as Minnesota lands, group 4, not previously sold.

"11. It is further agreed that upon the consummation of this settlement of differences that neither of the parties hereto will by word, act or deed, disparage or embarrass the other in any manner whatsoever, and that they will accord to each other an interchange of favor commensurate with good conduct and fair dealing, to the end that the books of either or both parties will be available to one another, as occasion and necessity may require, in the prosecution of their individual business hereafter.

"12. It is further agreed, that a decree of this court will be made, by consent, to effectuate this agreement on the application of either party.

"13. It is further agreed that this suit shall be satisfactorily terminated, without costs to either party.

"14. It is agreed by the parties hereto, that this court shall retain jurisdiction of this case to effectuate this agreement by decree and to settle such decree order from time to time as may be necessary until the final consummation hereof and then final decree will be entered.

"*Mr. Harrington:* I think we all are agreed to the extent that the statement which the court has made upon the record goes, but there are minor details here which must be worked out by counsel and all those matters we intend shall be submitted to the court.

"*The Court:* It is my thought, and I think it is the consensus of counsel that the minor details will have to be worked out by counsel, as between gentlemen, to a large extent, and in event you are at a disagreement, you may come in and settle the same before me.

"*Mr. Campbell:* That is agreeable to us.

"*Mr. Harrington:* That is agreeable to us."

Upon settlement of a decree, testimony was taken. The trial judge declined the decree tendered by plaintiff, and signed that tendered by defendants. Plaintiff has appealed, and the question is whether the decree conforms substantially to the agreement of the parties. The recognition of counsel that minor details for decree were left for future adjustment does not permit departure in principle from the agreement itself.

Paragraph 1. In addition to plaintiff's undertaking under the agreement, the decree requires him to give semi-annual reports to Mr. Ruggles until all investors are paid. This is beyond the agreement. As this cause must remain in the trial court until finally disposed of by full compliance with the decree or otherwise, and as others beside the parties here are interested, it is suggested to counsel for their approval that report or reports of payment of such investors should be filed in. court, and there established in fact, and there should be like procedure in like situations where Mr. Ruggles or his estate is obligated by decree to pay creditors.

Paragraph 2. Plaintiff's investment in the salt business is permitted to stand as fixed by decree at

$330,366.05. There is a recital of the amount of Mr. Ruggles' investment in this business, but it appears harmless.

Paragraph 4. The agreement provides that plaintiff shall "retain his investment in Calaveras Timber Tract as evidenced by investors' certificates which he now holds." The amount of his investment so evidenced by the certificates is $241,518.13. The decree entered reduces this investment by an item of $40,074.67, withdrawn from Calaveras and invested in the salt business. It also finds by accounting a balance due Ruggles from plaintiff on personal account or accounts of $34,493.05, and this, too, is taken from plaintiff's investment, so that his investment in Calaveras is reduced by $74,567.72 to the sum of $166,950.41. This is flatly contrary to the plain language of the agreement, and is eliminated. This paragraph of decree should be simply paragraph four of the agreement, with recital of the amount of the investment as $241,518.13. Justification urged for part of the proposed reduction is an agreement between plaintiff and Mr. Ruggles of September and October, 1928. But that agreement is attacked by plaintiff, and the decree should follow, not that agreement, but the settlement agreement made in court.

Complaint is made of nearly every other paragraph of the decree, but we are not impressed thereby. However, counsel have leave to present such matter, if they so desire, upon settlement of decree in this court. So modified, the decree is affirmed, and cause remanded, with costs to appellant.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.